### CENTRAL RADIO LABORATORIES v. CHICAGO TELEPHONE SUPPLY CO.

#### No. 375.

District Court, N. D. Indiana, South Bend Division.

July 31, 1933.

Bottum, Hudnall, Lecher, McNamara & Michael and John W. Michael, all of Milwaukee, Wis., Graham, Crane & Elliott, of South Bend, Ind., and George I. Haight, of Chicago, Ill., for plaintiff.

McInerny, McInerny & Huguenard, of South Bend, Ind., John L. Jackson, John A. Dienner, and Brown, Jackson, Boettcher & Dienner, all of Chicago, Ill., T. Clay Lindsey, of Hartford, Conn., and Verne G. Cawley and Harry Langson, both of Elkhart, Ind., for defendant.

SLICK, District Judge.

This cause having been submitted to the court for trial, finding, and decree, and the court having heard the evidence and the arguments of counsel, and being sufficiently advised in the premises, now, pursuant to Federal Equity Rule 70½ (28 USCA § 723), finds the facts to be as follows:

1. The plaintiff, Central Radio Laboratories, is a corporation, duly organized and existing under and by virtue of the laws of the state of Wisconsin, having its principal office and place of business in the city of Milwaukee and state of Wisconsin.

2. The defendant, Chicago Telephone Supply Company, is a corporation, duly organized and existing under and by virtue of the laws of the state of Indiana, having a regular and established place of business in the city of Elkhart, county of Elkhart, and state of Indiana.

3. This cause arises under the patent laws of the United States, and this court has jurisdiction of the parties and the subject-matter of this suit.

4. Plaintiff is the owner of each of the patents in suit: Moore, No. 1,660,879, dated February 28, 1928; Stoekle, No. 1,704,154, dated March 5, 1929; and Stoekle, No. 1,653,745, dated December 27, 1927.

5. Plaintiff commenced the manufacture and sale of variable resistance devices of the type shown by Plaintiff's Exhibits 7, 8, and 9 in or about the year 1923 for use in the circuits of radio receiving apparatus as tone or volume controls and the same met with immediate commercial success, displacing prior devices, and plaintiff is still engaged in the manufacture and sale of such variable resistance devices.

6. Plaintiff has sold upwards of ten millions of such devices.

7. Defendant commenced the manufacture and sale of its series No. 40 variable resistance devices of the type shown by Plaintiff's Exhibit 4 in or about June, 1930, and is still manufacturing and selling such devices.

8. The date of invention in respect of the

subject-matter of the Moore patent, No. 1,-660,879, in suit is at least as early as October 8, 1921.

9. Both plaintiff's and defendant's series No. 40 devices are made especially for use in the circuits of radio receiving apparatus as tone or volume controls and are so used.

10. Defendant began the manufacture and sale of its series No. 40 devices like Plaintiff's Exhibit 4 in order to meet a demand in the market for variable resistance devices of the character embraced by the patents in suit.

11. Defendant for a number of years prior to June, 1930, manufactured and sold variable resistance devices of other types, but these did not meet that demand.

12. With the exception of defendant, plaintiff's patents are respected by all in the industry.

13. Defendant's Exhibits 135, 144, 145, 158, 159, 162, and 172 do not represent nor are they in accordance with Gillig, but, on the other hand, are reorganizations of Gillig involving additions, substitutions, and alterations in accordance with the teachings of the patents in suit.

14. Prior to the inventions of the patents in suit, it was the practice to control the volume or tone of a radio receiver by rheostats employing wire wound or carbonaceous resistors adjustable by means of sliding arms or shoes engaging directly upon the resistor.

15. The wire wound rheostats of the prior art were objectionable by reason of the fact that the sliding shoe or arm engaging upon the wire coil produced a noisy step-by-step contact.

16. The carbonaceous resistor type of rheostat of the prior art was objectionable by reason of the fact that the value of the resistor underwent constant change in operation and was damaged or destroyed within a relatively short period of use due to the direct engagement of the shoe or arm upon the carbonaceous substance.

17. The objections and disadvantages inherent in the prior art devices were solved and overcome by the devices of the patents in suit.

18. Gillig does not disclose a resistor having a smooth, electrical conducting surface, nor any form of device in which the resistance can be varied in infinitesimal steps.

19. The Gillig patent was cited, considered, and passed upon by the experts of the Patent Office in the prosecution of each of the applications which matured into the patents in suit and the claims in suit were allowed thereover.

20. Sharp does not disclose a thin, filmlike resistor nor an arm for adjusting the resistance value, nor any means for maintaining a selected adjustment, nor a device which could be successfully used as a radio tone or volume control.

21. Brownlow and Hadley disclose neither a rheostat nor a potentiometer, but a circuit interrupter not capable of any of the performances of the devices of the patents in suit.

22. The devices of the Stoekle patents in suit and plaintiff's commercial devices are adapted for and capable of use, either as rheostats or potentiometers, and are so used.

23. Defendant's series No. 40 devises are adapted for and capable of use, either as rheostats or potentiometers, and are so used.

24. Slight slippage unavoidably occurs between the contact member and the resistor upon adjustment of the arm in the device of each of the patents in suit.

25. The statements in the patents in suit referring to the absence of rubbing or frictional engagement with the resistor have reference to the absence of such rubbing or frictional engagement as was present in the various prior art devices by reason of the direct engagement of the adjustable arm upon the resistor, and do not have reference to the absence of the minute slippage inherent in each of said devices.

26. The device of Stoekle patent, No. 1,-653,745, and plaintiff's commercial devices employ a resistor on a flat base and a conical contact member.

27. Defendant's series No. 40 devices employ a flat contact member and a resistor on a conical base.

28. The accused device incorporates a disk-shaped contact member, the contacting portion of which is in the form of a flexible circular strip interposed between an arm and a conical drum of insulating material having a thin, filmlike resistor disposed on the periphery thereof and means for restraining the contact member from rotation and preventing a sliding motion of the contact member upon the resistor.

29. In the accused device, the flexible strip portion of the contact member is pressed by the arm into substantially linear contact with the resistor.

Upon the foregoing facts the court concludes the law to be as follows:

1. Plaintiff is the owner of each of the patents in suit: Moore, No. 1,660,879, dated February 28, 1928; Stoekle, No. 1,704,154,

dated March 5, 1929; and Stoekle, No. 1,-653,745, dated December 27, 1927.

2. The invention of each of the three patents in suit is incorporated in both, plaintiff's and defendant's series No. 40 devices.

3. Neither Gillig, Sharp, Brownlow, and Hadley, nor any of the other prior art references brought forward in this case, negatives the presence of invention in, discloses or anticipates any of the patents in suit.

4. To change Gillig to meet the advance represented by the patents in suit would require reorganization not disclosed or suggested in the prior art.

5. Any differences in slippage, abrasion, contact areas, or variations in resistance between defendant's devices and the devices of the patents in suit are in degree only and do not avoid infringement.

6. The Patent Office proceedings had upon the applications for the patents in suit and the interferences involving patents 1,660,879 and 1,704,154 thereof do not estop plaintiff from asserting the validity of said patents or from asserting that the claims in suit cover and are infringed by the accused devices.

7. Defendant has infringed claims 17, 20, 21, 22, 23, 24, 28, and 32 of the Moore patent, No. 1,660,879; claims 1, 4, 5, and 6 of Stoekle patent, No. 1,704,154; and claims 1 to 6, inclusive, and 10 of Stoekle patent, No. 1,653,745, by making, offering for sale, and selling its series No. 40 variable resistance devices like Plaintiff's Exhibit 4 within the Northern district of Indiana and elsewhere in the United States.

8. The employment in defendant's series No. 40 devices of a flat contact member and a resistor on a conical base is a mere reversal of the arrangement shown in Stoekle patent, No. 1,653,745, and does not avoid infringement of claims 1, 2, 3, 4, and 6 of said patent, which recite a flat resistor and a conical or curved contact member.

9. Claims 17, 20, 21, 22, 23, 24, 28, and 32 of the Moore patent No. 1,660,879; claims 1, 4, 5, and 6 of Stoekle patent, No. 1,704,-154; and claims 1 to 6, inclusive, and 10 of Stoekle patent, No. 1,653,745, and none of them, are anticipated by any of the devices of the prior art.

10. The devices claimed and described in claims 17, 20, 21, 22, 23, 24, 28, and 32 of the Moore patent, No. 1,660,879; claims 1, 4, 5, and 6 of Stoekle patent No. 1,704,154; and claims 1 to 6, inclusive, and 10 of Stoekle patent, No. 1,653,745, and each of them, involved invention in view of the prior art.

11. Plaintiff is entitled to judgment sustaining the validity of said claims 17, 20, 21, 22, 23, 24, 28, and 32 of the Moore patent, No. 1,660,879, claims 1, 4, 5, and 6 of Stoekle patent, No. 1,704,154; and claims 1 to 6, inclusive, and 10 of Stoekle patent, No. 1,653,-745, and finding them and each of them valid and infringed.

12. Defendant's counterclaim is dismissed for want of equity.